Carlson and Ryan LLP
43 West 43rd St., suite 243
New York, NY 10036-7424
+1 917 714 1089 / ed@carlsonryanlaw.com
carlsonryanlaw.com

May 13, 2022

**MEMO ENDORSED**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/24/2022

<u>**Via ECF**</u>
Hon. Barbara C. Moses
United States Magistrate Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

    Re:    *Abreu vs. 3 Holdings LLC*
             <u>Case No. 22-cv-01101-JPC-BCM</u>

Dear Judge Moses:

I represent Defendant 3 Holdings LLC. I write first to apologize to the Court for missing the May 11, 2022 deadline to answer or otherwise respond to the complaint. I was unaware that the deadline had been truncated from the original 30-day request. That fault lies with me, for which I apologize.

I also write to respectfully request this matter be transferred to the Court's suspense docket or placed on administrative hold pending Judge Cronan's ruling in *Tavarez-Vargas v. Culture Carton LLC*, 21-cv-09876, specifically with respect to Judge Cronan's *sua sponte* February 24, 2022 Order [Docket # 15] requiring Plaintiff to "file supplemental briefing on whether Defendant's website constitutes a place of public accommodation such that the Complaint properly alleges a claim under the ADA." *citing*, inter alia, *Winegard v. Newsday LLC*, No. 19 Civ. 4420 (EK), 2021 WL 3617522, at *1 (E.D.N.Y. Aug. 16, 2021) ("[T]he ADA excludes, by its plain language, the websites of businesses with no public-facing, physical retail operations from the definition of 'public accommodations.'"); *Gil v. Winn-Dixie Stores, Inc.*, 993 F.3d 1266, 1277 (11th Cir. 2021) ("[W]ebsites are not a place of public accommodation under Title III of the ADA."); *see also U.S. National Bank of Oregon v. Independent Insurance Agents of America, Inc.*, 508 U.S. 439, 447 (1993) ("[A] court may consider an issue antecedent to and ultimately dispositive of the dispute before it, even an issue the parties fail to identify and brief.") Judge Cronan issued the Order the day after Plaintiff filed its motion for entry of default judgment, which Judge Cronan had also ordered Plaintiff to file, potentially in order to consider this antecedent, dispositive issue.

1

Defendant 3 Holdings respectfully submits that the core legal issue regarding the ADA and websites in *Tavarez-Vargas* is identical to the core legal issue in this litigation. Further, Plaintiff's counsel in *Tavarez-Vargas*, Mizrahi Kroub LLP, is the same as Plaintiff's counsel in this matter. As such, if Judge Cronan rules that Plaintiff has failed to state a claim in *Tavarez-Vargas*, then Plaintiff has equally failed to state a claim in this matter, specifically now that this matter has been reassigned to Judge Cronan.

Oral argument in *Tavarez-Vargas* on the ADA issue is scheduled for May 31, 2022. The length of the administrative stay requested is directly pegged to Judge Cronan's decision in *Tavarez-Vargas*. As such, and for the reasons set forth above, Plaintiff respectfully requests the Court to place this matter on administrative hold pending Judge Cronan's decision regarding the issue of whether Plaintiff has stated a cause of action in *Tavarez-Vargas* and, in turn, in these proceedings, as to the underlying, dispositive legal issue regarding the ADA and websites.

Defendant 3 Holdings LLC reserves all rights and defenses available to it under applicable law.

We are available to appear for a conference to address the foregoing at the Court's convenience, and we thank the Court for its attention to this matter.

                                       Respectfully.

                                       /s/

                                       Edward Carlson
                                       Carlson and Ryan LLP

cc: All counsel (via ECF)

---

The Court notes that in *Tavarez-Vargas*, No. 21-cv-9876 (JPC), the plaintiff dismissed the case voluntarily on June 9, 2022, prior to any hearing or ruling as to (i) whether the subject website was a "place of public accommodation" for purposes of Title III of the Americans with Disabilities Act, 43 U.S.C. § 12101 *et seq*. (the ADA), or (ii) whether plaintiff properly alleged Article III standing under the ADA in light of the Second Circuit's recent decision in *Calcano v. Swarovski N. Am Ltd*., 36 F.4th 68 (2d Cir. 2022). Consequently, defendant's motion, which the Court construes as a motion for a stay, is DENIED. Defendant shall answer or move with respect to the complaint no later than **July 8, 2022**.

_[signature]_
Barbara Moses
United States Magistrate Judge
June 24, 2022

2